# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| YAN LIU and YONG ZHONG,<br><br>        Plaintiffs,<br><br>        v.<br><br>YILIANG ZHA and WETRUST REALTY, INC.,<br><br>        Defendants. | Case No. 3:25-cv-00293-SLG |
| YAN LIU, YONG ZHONG, and WEIMING CHEN,<br><br>        Plaintiffs,<br><br>v.<br><br>JESSIE LE and RICKY & JESSIE REALTY, INC.,<br><br>        Defendants. | Case No. 3:25-cv-00297-SLG |
| YAN LIU and YONG ZHONG,<br><br>        Plaintiffs,<br><br>v.<br><br>GRACE PROPERTY MANAGEMENT LLC, and JING SUN,<br><br>        Defendants. | Case No. 3:25-cv-00299-SLG |

## ORDER OF DISMISSAL

Pending before the Court are the three above-captioned cases filed by self-represented litigants, Yan Liu and Yong Zhong ("Plaintiffs") on October 22 and 23, 2025. On February 17, 2026, the Court notified Plaintiffs that each of these actions shall be dismissed without prejudice and without further notice to Plaintiffs unless within 30 days of the date of that order, Plaintiffs filed proof of service of the Complaint and the Court-issued summons in accordance with Rule 4 of the Federal Rules of Civil Procedure for each of the named Defendants in each case.[1] That deadline has now passed, and to date, Plaintiffs have not responded or otherwise contacted the Court.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[2]

---

[1] Case 293, Docket 6 at 5.

[2] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Case No. 3:25-cv-00293-SLG, *Liu, et al. v. Zha, et al.*
Case No. 3:25-cv-00297-SLG, *Liu, et al. v. Le, et al.*
Case No. 3:25-cv-00299-SLG, *Liu, et al. v. Grace Property Management LLC, et al.*
Order of Dismissal
Page 2 of 4

Here, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.[3] Plaintiffs' failure to respond within the specified timeline suggests Plaintiffs do not intend to litigate these actions diligently.[4] Further, a presumption of prejudice to a defendant arises when the plaintiffs unreasonably delay prosecution of an action.[5] Because Plaintiffs have not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[6] The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[7] "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits."[8] The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[9] The

---

[3] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

[4] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (noting that a plaintiff has the burden to move toward disposition at a reasonable pace and to refrain from dilatory and evasive tactics).

[5] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *See, e.g., Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

[7] *Pagtalunan*, 291 F.3d at 643.

[8] *In re Phenylpropanolamine Prod. Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006).

[9] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).

Case No. 3:25-cv-00293-SLG, *Liu, et al. v. Zha, et al.*
Case No. 3:25-cv-00297-SLG, *Liu, et al. v. Le, et al.*
Case No. 3:25-cv-00299-SLG, *Liu, et al. v. Grace Property Management LLC, et al.*
Order of Dismissal
Page 3 of 4
Case 3:25-cv-00297-SLG    Document 4    Filed 03/24/26    Page 3 of 4

Court's Notice of Intent to Dismiss for Lack of Service accorded Plaintiffs an opportunity to file Proof of Service and warned them of the potential dismissal of each action in the event of noncompliance.[10]

Based on the foregoing, each case must be dismissed for failure to prosecute. The dismissal shall be without prejudice so as to preserve Plaintiffs' ability to seek relief.[11] The Court finds no other lesser sanction to be satisfactory or effective in this case.[12]

**IT IS THEREFORE ORDERED:**

1.      Each of these cases is **DISMISSED.**

2.      All pending motions in each case are **DENIED.**

3.      The Clerk of Court shall issue a final judgment and close each case.

DATED this 24th day of March 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[10] *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted).

[11] *Id.*

[12] *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).

Case No. 3:25-cv-00293-SLG, *Liu, et al. v. Zha, et al.*
Case No. 3:25-cv-00297-SLG, *Liu, et al. v. Le, et al.*
Case No. 3:25-cv-00299-SLG, *Liu, et al. v. Grace Property Management LLC, et al.*
Order of Dismissal
Page 4 of 4